UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BARBARA DARBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   21-381 (RC) |
| | ) | |
| U.S. DEPARTMENT OF | ) | |
| VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

On December 23, 2020, Plaintiff, appearing *pro se*, filed a Complaint against the U.S. Department of Veterans Affairs ("VA") in the Superior Court of the District of Columbia, seeking "repayment of entitled employment benefits."   Compl., ECF No. 1-1 at 5.   On February 11, 2021, the VA removed the case to this Court under 28 U.S.C. §§ 1442(a)(1) and 1446.   *See* Not. of Removal, ECF No. 1.   Pending before the Court is Defendant's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 5.   For the following reasons, the motion will be granted.

**II.   BACKGROUND**

The relevant factual allegations are set out in Plaintiff's Opposition to Defendant's Motion to Dismiss, ECF No. 7 at 3-5.[1]   On June 26, 2005, Plaintiff began her employment with

---

[1]   In deciding a motion to dismiss under Rule 12(b)(1), a court may "consider the [allegations in the] complaint supplemented by undisputed facts evidenced in the record, or the complaint

1

the VA in Washington, D.C., as a GS-8 Program Support Assistant. Although the "target grade" for the position "is a GS-9," Plaintiff "has not been promoted in grade since beginning work for the Agency," despite having received " 'fully successful' ratings" in her last three performance appraisals and neither "a warning [n]or reprimand." Pl.'s Opp'n at 3.[2]

In May 2008, Plaintiff discussed a promotion with the Operations Officer of her division, to no avail. *See id*. On June 10, 2010, Plaintiff "initially filed [a] complaint" with the agency's equal employment opportunity office ("EEO") asserting "employment discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq., for denial of career ladder promotion to GS-9 position." *Id*. at 4 ; *see Darby v. Shinseki,* EEOC DOC 0120123521, 2013 WL 1182293, at *1 (Mar. 15, 2013).

The agency's investigation of Plaintiff's discrimination complaint revealed the following occurrences. In October 2008, the Human Resources office conducted an audit of "the program support assistant positions in Plaintiff's office" and "concluded" that the positions "had been misclassified and did not describe duties that went beyond the GS-7 level." Pl.'s Opp'n at 4. Eighteen months later, on April 30, 2010, "management changed [Plaintiff's] position from

---

supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003). Moreover, as part of a court's obligation to construe *pro se* filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and absent undue prejudice to a party, "all factual allegations by a *pro se* litigant, whether contained in the complaint or other filings in the matter, should be read together in considering whether to grant a motion to dismiss," *Hill v. Smoot*, 308 F. Supp. 3d 14, 19 (D.D.C. 2018) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)).

[2]   All cited page numbers are those assigned automatically by the electronic case filing system.

Program Support Assistant, GS-303-8, to Secretary GS-318-8." *Id*. The "reassign[ment] . . . to the Secretary position" was "[t]o avoid a reduction in grade" for Plaintiff "and the other employees occupying" the Program Support Assistant position since the Secretary position "went up to the GS-8 and GS-9 levels." Mar. 15, 2013 Decision ("Dec."), ECF No. 5-1 at 3. On August 12, 2012, "EEO concluded [that] the agency's promotion decision constituted no discrimination based on [Plaintiff's] race." Pl.'s Opp'n at 5. In Plaintiff's appeal of the decision, the EEOC found she had "not demonstrated that the Agency's promotion decision constituted discrimination based on her race and/or prior protected activity" and affirmed "the finding of no discrimination." Dec. at 4. On September 5, 2013, the EEOC denied Plaintiff's request for reconsideration and informed of her right to file a lawsuit "in an appropriate United States District Court" no later than 90 days from receipt of that final decision. Denial, ECF No. 5-2.

Here, Plaintiff alleges that despite management's awareness of the October 2008 audit results, "no action was taken at the time to rectify the situation clearly in violation of 5 U.S.C. [§] 2301(b) regardless of whether the Position Description is misclassified." Pl.'s Opp'n at 4-5. She claims entitlement "to equal pay" and "work of equal value, with appropriate consideration of both national and local rates paid by employers in the private sector . . . ." *Id*. at 5.

### III.   LEGAL STANDARD

Under Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure, courts must dismiss any claim over which they lack subject matter jurisdiction. Rule 12(b)(6), by contrast, requires courts to dismiss any claim upon which relief could not be granted even if jurisdiction was proper. Fed. R. Civ. P. 12(b)(6). When Rules 12(b)(1) and 12(b)(6) are invoked together,

...

as they are here, a court must first address the issues encompassed by Rule 12(b)(1), as those issues implicate the court's ability to hear the case at all. *See Lovitky v. Trump*, 949 F.3d 753, 763 (D.C. Cir. 2020) ("[W]hen a court lacks subject-matter jurisdiction . . . it has no authority to address the dispute presented.") (internal quotation marks and citation omitted)).

### IV. DISCUSSION

Sovereign immunity bars a suit against the United States and U.S. agencies except upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Defendant argues that the doctrine of derivative jurisdiction compels dismissal of the case. Mem. of P. & A. ("Mem.") at 13-16 . The Court agrees.

Section 1442(a) of Title 28 of the U.S. Code authorizes a federal defendant sued in "a State court" to remove the action to a federal district court.[3] Upon removal, the federal court may hear the plaintiff's claims only if the state court had jurisdiction to hear the claims. *Day v. Azar*, 308 F. Supp. 3d 140, 142 (D.D.C. 2018) (citing *Lambert Run Coal Co. v. Baltimore*, 258 U.S. 377, 382 (1922)). This is referred to as the derivative jurisdiction doctrine, and it applies even if the federal court would have had original jurisdiction had the case been filed there first.[4]

---

[3] As defined in the removal statute, the "term 'State court' includes the Superior Court of the District of Columbia." 28 U.S.C. § 1442(d)(6).

[4] Notably, through amendments in 1985 and 2002, Congress has explicitly eliminated derivative jurisdiction as a barrier to the more general removals made pursuant to 28 U.S.C. § 1441. *See Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1321–22 (11th Cir.) (discussing amendments and quoting § 1441(f)). But Congress "has made no such corresponding amendment to the removal rules [specific to federal officers or agencies] contained in Section 1442[.] . . .

*Id*. "To determine whether the doctrine of derivative jurisdiction requires dismissal, the Court must first address the threshold question of whether, prior to removal, [D.C. Superior Court] had jurisdiction of the subject matter or of the parties." *Merkulov v. United States Park Police*, 75 F. Supp. 3d 126, 130 (D.D.C. 2014) (internal quotation marks and citations omitted). If the answer is no, "this Court cannot 'acquire' jurisdiction upon removal, even if Plaintiff could have filed [her] complaint in federal court in the first instance." *Cofield v. United States*, 64 F. Supp. 3d 206, 214 (D.D.C. 2014) (citing *Lambert Run Coal*, 258 U.S. at 382).

It is established that "the Civil Service Reform Act of 1978 ["CSRA"], Pub.L. No. 95–454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.), and related employment statutes," are exclusive avenues for federal employees seeking redress of employment disputes. *Filebark v. U.S. Dep't of Transp.*, 555 F.3d 1009, 1010 (D.C. Cir. 2009). The D.C. Circuit explains that

> the CSRA specifies the benefits to which federal employees and their survivors are entitled, and provides a reticulated remedial regime for beneficiaries to secure review—including judicial review—of benefits determinations. That regime provides for adjudication of all claims by OPM, 5 U.S.C. § 8347(b), appeal of adverse decisions by OPM to the MSPB, *id*. § 8347(d)(1), and subsequent review of MSPB decisions in the Federal Circuit, *id*. §

---

Accordingly, Federal courts in this District, and throughout the country, have determined that the doctrine of derivative jurisdiction still applies to claims removed under Section 1442." *Merkulov v. United States Park Police*, 75 F. Supp. 3d 126, 130 (D.D.C. 2014) (citing cases); *see Robinson v. United States Dep't of Health & Hum. Res.*, No. 21-1644, 2021 WL 4798100, at *3 (D.D.C. Oct. 14, 2021) (noting that "district courts in this jurisdiction have unanimously found that the derivative jurisdiction doctrine still applies to cases against federal agencies and officers removed under § 1442(a)," and "every . . . federal court of appeals to address the issue has similarly concluded that the derivative jurisdiction doctrine applies to cases removed under § 1442(a)") (footnotes citing cases omitted)).

> 7703(b)(1); 28 U.S.C. § 1295(a)(9). A series of opinions from the Supreme Court and this court make clear that these remedial provisions are exclusive, and may not be supplemented by the recognition of additional rights to judicial review having their sources outside the CSRA.

*Fornaro v. James*, 416 F.3d 63, 66 (D.C. Cir. 2005); *see id.* at 67 (citing cases that recognize "in a variety of contexts, the exclusivity of the remedial and review provisions of the CSRA"). Additionally, Title VII of the Civil Rights Act, governing employment discrimination claims, waives the United States' immunity

> by authorizing a federal employee who has exhausted his administrative remedies to "file a civil action as provided in section 2000e–5 of this title" against "the head of the department, agency, or unit" by which he is employed. . . . But this waiver is subject to the provisions of 42 U.S.C. § 2000e–5(f) through (k). 42 U.S.C. § 2000e–16(d). Section 2000e–5(f) clarifies the scope of the waiver by specifying which courts shall have jurisdiction over Title VII claims. It states, "Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 42 U.S.C. § 2000e–5(f).

*Day*, 308 F. Supp. 3d at 142; *cf. Williams v. Perdue*, 386 F. Supp. 3d 50, 54 (D.D.C. 2019) (explaining that the Rehabilitation Act adopts the jurisdictional provisions of Title VII and thus confers original jurisdiction in "[e]ach United States district court," which the "District's Superior Court is not").   Put simply, sovereign immunity applies because "the United States has not expressly consented to suit under Title VII in state courts."   *Robinson v. United States Dep't of Health & Hum. Res.*, No. 21-1644, 2021 WL 4798100, at *4 n.5 (D.D.C. Oct. 14, 2021).

Because neither the CSRA nor Title VII confers original jurisdiction in D.C. Superior

Court over the claims at issue, this Court "cannot assert jurisdiction over them on removal."[5] *Cofield*, 64 F. Supp. 3d at 215.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion and dismisses the case for want of derivative jurisdiction. A separate order accompanies this Memorandum Opinion.

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date: March 17, 2022

---

[5] The dismissal of this case for lack of jurisdiction does not preclude Plaintiff from filing a separate case directly in a federal court of competent jurisdiction, nor does it preclude Defendant from reasserting its non-jurisdictional arguments for dismissal based on timeliness, exhaustion of administrative remedies, and the merits of the claims. *See* Def.'s Mem. at 16-22.